# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES STEEL CORPORATION,**<br><br>　　　　**Plaintiff,**<br><br>　　v.<br><br>**ALGOMA STEEL INC.,**<br><br>　　　　**Defendant.** | Civil Action No. _____ |

## COMPLAINT

Plaintiff United States Steel Corporation ("U. S. Steel") brings this action against Defendant Algoma Steel Inc. ("Algoma") (together, the "Parties") and alleges as follows:

## INTRODUCTION

1. In May 2020, U. S. Steel and Algoma entered into a straightforward contract whereby Algoma agreed to buy millions of tons of iron ore pellets from U. S. Steel for negotiated rates. The contract is governed by Pennsylvania law and requires that any and all disputes arising out of the contract shall be solely and exclusively decided in arbitration proceedings in Pittsburgh, Pennsylvania.

2. Now Algoma has buyer's remorse and wants out of the deal. It has repudiated the contract by refusing the latest shipment of iron ore pellets and has affirmatively told U. S. Steel that it will not accept any more iron ore pellets or otherwise honor the Parties' contract.

3. Algoma has no proper basis to unilaterally end the contract, which runs through January 2027. A deal is a deal. Algoma owes U. S. Steel over $22 million for past (accepted) pellet shipments, and U. S. Steel's lost profits due to Algoma's repudiation will be in the tens of millions of dollars, and could approach one hundred million dollars based on market conditions.

4.     Algoma also wants to violate the dispute resolution clause it agreed to in the contract.  Algoma does not want to arbitrate this dispute in Pittsburgh, as the contract requires.  Instead, Algoma has told U. S. Steel that it will file suit in a Canadian court, seeking "equitable relief" in the form of a declaration that the Parties' contract "is no longer binding and enforceable and the parties' obligations under the [contract] are at an end."

5.     Algoma's actions are improper and in clear violation of its promise in the contract that arbitration is the sole and exclusive forum to resolve and any and all of the Parties' disputes under the contract.  Neither the contract nor the law permit Algoma to avoid that binding arbitration provision by unilaterally ending the contract, cloaking an arbitrable claim in "equitable" relief clothing, and then running off to court.

6.     Accordingly, U. S. Steel seeks a declaration that the Parties must arbitrate their dispute in its entirety, including Algoma's assertion that the contract "is no longer binding and enforceable and that the parties' obligations under the [contract] are at an end."

7.     In the alternative, if the issue of whether the contract remains binding and enforceable is properly decided in court (and not arbitration), U. S. Steel seeks a declaration from this Court that the contract is, in fact, binding and enforceable.

8.     Further, and also in the alternative, if the Parties' dispute is properly decided in court (and not arbitration), U. S. Steel brings a breach-of-contract claim for specific performance, damages, and all other remedies available to it under the contract.

## PARTIES

9.     U. S. Steel is a is corporation organized and existing under the laws of Delaware with its principal place of business located in Pittsburgh, Pennsylvania.

10. Algoma is a Canadian corporation organized and existing under the laws of British Columbia, Canada with its principal place of business located in Ontario, Canada.

## JURISDICTION AND VENUE

11. This Court has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

12. This Court has personal jurisdiction over Algoma and venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because the Parties agreed to arbitrate any and all disputes arising under the contract in Pittsburgh, Pennsylvania, the contract is governed by Pennsylvania law, Algoma contracted with a Pittsburgh-based corporation, and negotiations and communications related to the contract were directed to and/or conducted out of Pittsburgh.

## BACKGROUND

13. On May 13, 2020, U. S. Steel and Algoma entered into a Pellet Sale and Purchase Contract (the "Contract"). *See* Ex. A.[1]

14. The Contract obligates U. S. Steel to sell, and Algoma to purchase, millions of tons of iron ore pellets on an annual basis pursuant to negotiated pricing terms.

15. The iron ore pellets are mined and processed by U. S. Steel at its Minntac and Keetac facilities in Minnesota and then shipped to Algoma on a monthly basis.

16. The Parties performed their contractual obligations dutifully for years.

17. The Contract contains a dispute resolution article, wherein the Parties agreed that any and all disputes arising under the Contract or that are related to the subject matter of the

---

[1] The Contract has a confidentiality clause and will be filed (along with the Contract's amendments and Algoma's correspondence) under seal.

Contract shall be solely and exclusively resolved by arbitration conducted by the American Arbitration Association (AAA) in Pittsburgh.

18. The dispute resolution article also includes a provision for equitable relief, which permits the Parties to bring judicial proceedings in a court of competent jurisdiction, but only to obtain injunctive or other equitable relief.

19. The Parties amended the Contract three times: on October 7, 2020, August 23, 2023, and September 8, 2023. *See* Exs. B, C, and D. Among other changes, in the August 23, 2023 amendment, the Parties extended the end of the Contract from January 15, 2025 to January 15, 2027. *See* Ex. A at 1 (original term); Ex. B at 1 (extended term). In each amendment, the parties affirmed that the provisions not modified—including the dispute resolution article—remain in effect. *See* Ex. B at 1; Ex. C at 4; Ex. D at 1. In short, as late as September 2023, Algoma reaffirmed its agreement with U. S. Steel to resolve any and all disputes arising under the Contract in binding arbitration in Pittsburgh.

20. In late September 2025, Algoma refused a shipment of iron ore pellets from U. S. Steel.

21. On September 29, 2025, Algoma wrote to U. S. Steel about the Contract. *See* Ex. E. In that correspondence:

- a. Algoma confirmed that U. S. Steel had faithfully performed the Contract for over five years;

- b. Algoma blamed the Trump Administration's tariffs on Canadian steel for creating a situation where Algoma's blast furnace steel, created using iron ore pellets, was no longer competitive in the American market; and

- c. Algoma stated that it intends to file a lawsuit in Canadian court to seek a declaration that the Contract is "no longer binding and enforceable and that the parties' obligations under the [Contract] are at an end."

4

22.     In that correspondence, Algoma cited no provision of the Contract that allows Algoma to unilaterally terminate the Contract under these circumstances. Indeed, there is none.

23.     On October 1, 2025, following discussions with U. S. Steel, Algoma confirmed to U. S. Steel that it would not accept any further shipments of iron ore pellets. *See* Ex. F.

24.     Algoma has unequivocally and materially breached and repudiated the Contract: it has refused to accept a shipment of iron ore pellets, it has declared that it will not accept (and presumably will not pay) for any further shipments of iron ore pellets, and has announced that it will seek judicial intervention to validate its unilateral improper cancellation of the Contract.

25.     Algoma has no valid basis to unilaterally end the Contract.

26.     U. S. Steel has performed all of its obligations under the Contract.

27.     The Contract remains binding and enforceable.

28.     On October 6, 2025, as required by the Contract, U. S. Steel filed an arbitration demand against Algoma with the AAA. That arbitration is pending.

## COUNT I
## DECLARATORY JUDGMENT (28 U.S.C. § 2201)
**(Declaratory relief that the Parties' dispute must be resolved by arbitration)**

29.     U. S. Steel incorporates by reference the allegations in paragraphs 1-28 as if fully restated herein.

30.     Algoma has entirely repudiated the Contract and refused to abide by the Contract's requirement that any and all disputes arising under the Contract or that are related to the subject matter of the Contract shall be solely and exclusively resolved by arbitration proceedings in Pittsburgh, Pennsylvania.

31. Under the Contract, the Parties' dispute must be resolved in arbitration, including Algoma's assertion that the contract "is no longer binding and enforceable and that the parties' obligations under the [Contract] are at an end."

32. Algoma improperly seeks to avoid its agreement to arbitrate any and all disputes relating to the Contract by styling its requested relief as "equitable" when, in fact, the issue should be arbitrated.

33. Pennsylvania and federal law favors arbitration and the enforcement of arbitration agreements, and prohibits parties from avoiding arbitration by styling an arbitrable dispute as non-arbitrable.

34. U. S. Steel is entitled to a declaratory judgment that that the Parties must arbitrate their dispute in its entirety, including Algoma's assertion that the contract "is no longer binding and enforceable and that the parties' obligations under the [Contract] are at an end."

35. An actual, substantial, immediate, and justiciable controversy exists between U. S. Steel and Algoma with respect to whether the dispute raised by Algoma must be resolved by arbitration under the Parties' Contract.

36. Declaratory relief will resolve some or all of the Parties' disputes by providing certainty with respect to the Parties' rights and obligations under the Contract.

## COUNT II
**DECLARATORY JUDGMENT  (28 U.S.C. § 2201) (IN THE ALTERNATIVE)**
**(Declaratory relief that the Contract is binding and enforceable)**

37. U. S. Steel incorporates by reference the allegations in the paragraphs 1-28 as if fully restated herein.

38. As stated above, the Contract requires all disputes related to the Contract to be arbitrated, and the Contract's equitable-relief provision does not allow Algoma to avoid arbitration by cloaking an arbitrable dispute in "equitable" clothing.

39. U. S. Steel pleads this Count II in the alternative to Count I. Namely, if the Court rules that Algoma's assertion that the Contract is "no longer binding and enforceable and that the parties' obligations under the [Contract] are at an end" may be properly adjudicated in court (and not arbitration), U. S. Steel is entitled to a declaration that the Contract remains binding and enforceable.

40. Despite Algoma's assertion that the Contract is no longer binding or enforceable, the Contract remains in full effect, as do the Parties' rights and obligations under the Contract.

41. An actual, substantial, immediate, and justiciable controversy exists between U. S. Steel and Algoma with respect to whether the Contract remains binding and enforceable.

42. Declaratory relief will resolve some or all of the Parties' disputes by providing certainty with respect to the Parties' rights and responsibilities under the Contract.

## COUNT III
## BREACH OF CONTRACT (IN THE ALTERNATIVE)

43. U. S. Steel incorporates by reference the allegations in paragraphs 1-28 as if fully restated herein.

44. Algoma has materially breached and repudiated the Contract, and which has caused U. S. Steel to incur damages.

45. As stated above, the Contract requires all disputes related to the Contract to be arbitrated.

46. U. S. Steel pleads this Count III in the alternative to Count I. Namely, if the Court rules that the Parties' dispute is properly in court (and not arbitration), U. S. Steel is entitled to all

remedies available to it under the Contract and the law, including damages and specific performance of the Contract.

## PRAYER FOR RELIEF

A.  U. S. Steel prays that the Court order the Parties to arbitrate any and all disputes arising under or relating to the subject matter of the Contract, including Algoma's assertion that the Contract is "no longer binding and enforceable and that the parties' obligations under the [Contract] are at an end;"

B.  In the alternative, if the Court determines that the enforceability of the contract is properly adjudicated in court (and not arbitration), U. S. Steel prays that the Court order that the Contract (and all of its provisions) remains binding and enforceable;

C.  In the alternative, if the Court determines that Algoma's repudiation and breach of the Contract is properly adjudicated in court (and not arbitration), U. S. Steel prays that the Court (i) order specific performance of the Contract; (ii) enter an award of all available damages in favor of U. S. Steel; (iii) award all other remedies available to U. S. Steel under the Contract;

D.  U. S. Steel prays that the Court award U. S. Steel its costs and attorney fees related to this dispute; and

E.  U. S. Steel prays that the Court award U. S. Steel such other relief as the Court deems just and proper.

|  |  |
|---|---|
| Dated: October 6, 2025 | Respectfully submitted, |
|  | <u>*/s/ Andrew R. Stanton*</u><br>Andrew R. Stanton (Pa. Bar No. 93409)<br>Jeffrey Baltruzak (Pa. Bar No. 318156)<br>Christopher J. Pottmeyer (Pa. Bar No. 325078)<br>Joseph W. Ferari (Pa. Bar No. 334341)<br>JONES DAY<br>500 Grant St., Suite 4500<br>Pittsburgh, PA 15219<br>Telephone: (412) 391-3939<br>astanton@jonesday.com<br>jbaltruzak@jonesday.com<br>cpottmeyer@jonesday.com<br>jferari@jonesday.com<br><br>*Counsel for Plaintiff*<br>*United States Steel Corporation* |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of October, 2025, a true and correct copy of this Complaint was filed and served on counsel of record via the United States District Court for the Western District of Pennsylvania's CM/ECF system.  Notice of this filing also will be sent via e-mail to the following entities:

John Naccarato
Algoma Steel Inc.
105 West Street
Sault Ste. Marie, ON P6A 7B4
john.naccarato@algoma.com

*Counsel for Defendant Algoma Steel Inc.*

Respectfully submitted,

*/s/  /Andrew R. Stanton*
Andrew R. Stanton
*Counsel for Plaintiff*
*United States Steel Corporation*